IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAMZA PATRICK SCOTT,

Plaintiff, No. CIV 2:07-cv-01837 ALA P

vs.

D.K. SISTO, et. al.,

Defendants. ORDER

________________________________/

Plaintiff Hamza Patrick Scott is state prisoners proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

I

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $10 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II**

Pursuant to 28 U.S.C. § 1915A(a), when the litigant is a prisoner, this court must screen complaints brought against a governmental entity or officer or employee of a governmental entity. The court must dismiss the complaint if the claims contained in it, even when read broadly, are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b). A claim "is frivolous [if] it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "At this stage of the litigation, [this Court] must accept [Plaintiffs'] allegations as true." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.*

"To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cr. 2006).

Plaintiff's claim arises out of the lack of availability of special religious foods (i.e. "Religious Mandated Qur'anic Dietary Food" or Halal Food). *See* First Amended Complaint at 7. Plaintiff alleges that "the present no meat substitute is a vegetarian diet" and "is a violation of Shari's [Islamic Law] for Muslim's to partake in and that Muslim's are prohibited from being vegetarians . . . ." *Id.* Plaintiff contends that this violates their rights under the First, Fifth, and Fourteenth Amendments of the United States Constitution and under the RLUIPA.

**A**

Plaintiff alleges that prison officials violated the Equal Protection Clause of the Fourteenth Amendment by serving a vegetarian diet to Muslims. To establish a violation of the Equal Protection Clause, a prisoner must present evidence of discriminatory intent or purpose. *See Washington v. Davis*, 426 U.S. 229, 239-41 (1976) (explaining that disparate impact merely

has evidentiary value and as a result, absent a "stark" pattern of invidious discrimination, impact is not determinative). Plaintiff has failed to allege facts that demonstrate that defendants had a discriminatory intent.

**B**

Plaintiff also alleges that the free exercise rights guaranteed by the First Amendment have been violated by prison officials offering a vegetarian diet in lieu of a Halal diet. As stated above, "[i]n order to establish a free exercise violation, [the prisoner] must show the defendants burdened the practice of his [or her] religion . . . by preventing [the prisoner] from engaging in conduct mandated by his [or her] faith." *Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997). To satisfy these requirements, a plaintiff must allege that the practice is important to the plaintiff and is motivated by his or her sincere religious belief. *Coronel v. Paul*, 316 F.Supp.2d 868, 879 (D. Ariz. 2004) (citing *Thomas v. Review Bd. of the Indiana Employment Sec. Div.*, 450 U.S. 707, 715-16 (1981)). Here, plaintiff has adequately alleged that the non-Halal/vegetarian diet directly conflicts with and substantially burdens his own religious belief that Islamic law requires Muslims to eat meat.

**C**

Similarly, Plaintiff further alleges that defendants' violated RLUIPA. They contend that § 2000cc "Protection of land use as religious exercise" was violated. They have failed to assert any facts, however, in support of that contention. Furthermore, plaintiff cannot proceed under § 2000cc because it is not applicable to institutionalized individuals. Section 2000cc deals with land use regulation. *See* 42 U.S.C. § 2000cc.

Plaintiff has also asserted a violation of 42 U.S.C. § 2000cc-1(a) "Protection of religious exercise of institutionalized persons." A plaintiff's initial burden under § 2000cc-1(a) is to establish a prima facie showing of a substantial burden on his or her religious exercise. *See* § 2000cc-1(a). As under the free exercise clause, various activities, whether or not central to an individual's belief system, will qualify as a "religious exercise" within the meaning of RLUIPA.

*See, e.g.*, *Sanders v. Ryan*, 484 F. Supp. 2d 1028, 1034-36 (D. Ariz. 2007) (explaining that a "substantial burden" on religious exercise for purposes of RLUIPA must impose a significantly great restriction upon such exercise; however, where the plaintiff conceded that his ability to practice his religion was not altered in any way by repeatedly listening to the same tapes, the plaintiff was found not able to recover under RLUIPA). Plaintiff has sufficiently alleged that a religious exercise or belief held by him has been substantially burdened in violation of section 3(a) of RLUIPA.

**D**

The final claim contained in the plaintiff's complaint alleges a violation of the Fifth and Fourteenth Amendment procedural due process rights in being denied religiously acceptable meat in their diet. However, this constitutional provision does not seem to be applicable from the facts asserted by plaintiff as the facts go towards establishing their free exercise and RLUIPA claims. Specifically, this claim fails to satisfy Rule 8 of the Federal Rules of Civil Procedure, which requires a short and plain statement of the claim that will give a defendant fair notice of what the claim is and the grounds on which it rests. *See Conley v. Gibson*, 355 U.S. 41, 47 (1957); *see also*, FED. R. CIV. P. 8(a)(2) (stating "[a] pleading . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . ."). Plaintiff's complaint fails to set forth any facts to give sufficient notice to the defendant as to the basis of the alleged due process violation.

Plaintiff will be granted leave to proceed on his claim that some of the defendants violated his free exercise rights and RLUIPA by forcing plaintiff to maintain a vegetarian diet while also depriving him of religiously acceptable meats. At this stage in the proceedings, it cannot be said with certainty that plaintiff might not adduce evidence in support of these claims.

Consequently, plaintiff will be given leave to proceed against defendants Sisto and Stiles for denying their appeals to provide Halal food. Plaintiff will also be given leave to proceed against defendants Ward, Alacade, Fandler and Nasir who, based on the allegations in the first

amended complaint, acted to prevent plaintiff from receiving Kosher foods even though their application for the Kosher special religious diet had been granted. First Amended Complaint at 9-10. If that allegation is proven, Plaintiff has a reasonable opportunity to prevail against defendants Ward, Alacade, Fandler and Nasir on the merits of this claim.

**III**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's December 26, 2007, request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $10.00. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Service is appropriate for the following defendants:

a. D.K. Sisto

b. S.R. Stiles

c. J. Ward

d. Mike Alacade

e. P. Fandler

f. Abul Ra'oof Nasir

4. The Clerk of the Court shall send plaintiff six (6) USM-285 forms, one summons, an instruction sheet and a copy of the first amended complaint filed December 26, 2007.

5. Within twenty-eight days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

a. The completed Notice of Submission of Documents;

b. One completed summons;

c. One completed USM-285 form for each defendant listed in number 3 above;

and

d. Six (6) copies of the endorsed first amended complaint filed December 21, 2007.

6. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

/////

DATED: February 7, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAMZA PATRICK SCOTT,

Plaintiff,

vs.

D.K. SISTO, et. al.,

Defendants.

________________________________________/

No. CIV 2:07-cv-01837 ALA P

NOTICE OF SUBMISSION

OF DOCUMENTS

Plaintiff hereby submits the following documents in compliance with the court's order filed __________________:

_____ completed summons form

_____ completed USM-285 forms

_____ copies of the ________________
Complaint/Amended Complaint

DATED:

______________________________________
Plaintiff