1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   HAMZA PATRICK SCOTT,

11            Plaintiff,              Case No. 2:07-cv-01837 ALA (P)

12        vs.

13   D.K. SISTO, et al.,

14            Defendants.            **ORDER**

15   _____/

16        On February 8, 2008, the Court ordered that service was appropriate on Defendants D.K.

17   Sisto, S.R. Stiles, J. Ward, Mike Alacade, P. Fandler and Abus Ra'oof Nasir.  (Doc. 7).  Plaintiff

18   was ordered to file: 1) the statutory filing fee; 2) Notice of Submission of Documents; 3) a

19   completed summons; 4) a completed USM-285 form for each defendant; and, 5) six copies of

20   the endorsed first amended complaint filed December 21, 2007 so that service may be

21   effectuated on the above-referenced Defendants.  *Id.*   Plaintiff was ordered to file the requested

22   documents within twenty-eight days of the Court's February 8, 2008 order.  Plaintiff failed to

23   comply with or otherwise respond to the Court's order.

24        A district court may dismiss an action if plaintiff fails to prosecute his or her case, fails to

25   comply with the applicable rules of procedure, or fails to abide by a court order.  Fed. R. Civ. P.

26   41(b); *see also Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ("It is within the inherent

1   power of the court to sua sponte dismiss a case for lack of prosecution.").  "When considering

2   whether to dismiss a case for lack of prosecution, the district court must weigh the court's need

3   to manage its docket, the public interest in expeditious resolution of litigation, and the risk of

4   prejudice to the defendants against the policy favoring disposition of cases on their merits, and

5   the availability of less drastic sanctions."  *Cvetkov*, 739 F.2d at 496.  The district court is not

6   required to state explicitly in the record how it weighed these factors, however, because

7   "dismissal is the harshest available penalty," the district court must "warn the plaintiff that

8   dismissal is imminent."  *Johnson v. U.S. Dept. of Treasury*, 939 F.2d 820, 825 (9th Cir. 1991).

9          Plaintiff is hereby ordered to respond to this Court's order of February 8, 2008 no later

10  than September 17, 2008 or this matter will be dismissed for failure prosecute.

11  /////

12  DATED: September 3, 2008

13                                          /s/ Arthur L. Alarcón
                                            UNITED STATES CIRCUIT JUDGE
14                                          Sitting by Designation

15

16

17

18

19

20

21

22

23

24

25

26